ROBB, Judge,
concurring in result.
I concur in the majority opinion. I write separately only to make it clear why T.M., as a third party to the marriage *1189 into which I.J. was born, has the right to intervene in this adoption and seek genetic paternity testing. It is true that Ke,J. is presumed to be LJ.’s father by operation of law because of his marriage to Mother at the time of I.J.’s birth. See op. at ¶ 15 (citing Ind.Code § 31-14-7-1(1)). As the majority notes, that is a rebuttable presumption. See op. at ¶ 16. It is also true that a man is presumed to be a child’s biological father if he undergoes a genetic test that indicates with a certain probability that he is the child’s biological father. See op. at ¶ 17 (citing Ind.Code § 31-14-7-1(3)). But the majority does not specifically say why the trial court erred in refusing T.M.’s request for a genetic test.
Indiana Code section 31—19—9— 1(a)(1) allows a man who is presumed to be the child’s biological father because of a marital relationship to consent to an adoption only “if [he] is the biological or adoptive parent of the child.” The consent statute itself therefore grants a third party who claims to be the biological parent the right to seek genetic testing in order to rebut a husband’s presumption of paternity. If the third party is otherwise entitled to notice of the adoption, a trial court is required by statute to grant such a request.
As we have determined herein that T.M. timely registered with the putative father registry, and'with the clarification that T.M. has the right to seek genetic paternity testing irrespective of KeJ.’s presumed paternity, I concur.